IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM LUJANO,<br><br>　　　Plaintiff,<br><br>v.<br><br>JEREMIAH BROWN, DIRECTOR CUNNINGHAM, JOHN/JANE DOE DOCTOR, SERGEANT MELLENDORI, JOHN DOE CORRECTIONAL OFFICER, LATOYA HUGHES, and WEXFORD,<br><br>　　　Defendants. | Case No. 25-cv-399-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

　　　Plaintiff Adam Lujano, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Lujano's original complaint, alleging deliberate indifference in the treatment of his stomach ailment, was dismissed for failure to state a claim (*See* Docs. 1, 13). Lujano was granted leave to file an amended pleading. In his Amended Complaint (Doc. 17), Lujano again alleges that the defendants were deliberately indifferent in treating his stomach ailment.

　　　This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

1

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In December 2023, while on a writ to a facility in Wisconsin, Lujano was transported to the emergency room (Doc. 17, p. 3). On December 28, 2023, a physician assistant at the hospital told Lujano that he needed to see a gastroenterologist as soon as possible. Although not entirely clear from his allegations, it appears Lujano remained in Wisconsin for several months. Upon his return to Pinckneyville Correctional Center in late 2024, medical staff scheduled him for a gastroenterology appointment for some time in early 2025.[1] But on December 13, 2024, he was transferred to Lawrence Correctional Center (*Id.*).

At Lawrence, Lujano wrote the doctor over 20 times about his diverticulitis. He informed the doctor of his severe pain when he ate and blood in his stool (*Id.*). He started to experience the pain and blood the day before his transfer and continues to experience the symptoms intermittently (*Id.*). In January 2025, he saw nurses who submitted a request that he see the doctor (*Id.*). On or about March 26, 2025, Lujano saw a female doctor and told her about his need to see a gastroenterologist based on the prior findings of the emergency room nurse practitioner (*Id.*). The Jane Doe Doctor stated that she would not send him to a gastroenterologist, even after he gave her a copy of the records

---

[1] The exact date of the appointment is also not clear because he notes both March 25, 2025, and January 8, 2025 (Doc. 17, p. 3).

2

suggesting that he be scheduled for a referral (*Id*. at pp. 3-4). Lujano also asked for a special diet tray for his diverticulitis, but she also refused that request (*Id*. at p. 4). Despite Lujano having a previous order for a referral to a gastroenterologist, the unknown doctor refused to schedule an appointment (*Id*.). The Jane Doe doctor also failed to take a blood test to determine Lujano's blood count (*Id*. at p. 5).

On December 23, 2024, Lujano told Sergeant Mellendori that there was blood in the toilet and he was in a lot of pain (Doc. 17, p. 4). Mellendori directed Lujano to submit a sick call request slip, even after Lujano informed him that it was an emergency (*Id*.). Lujano argues that Mellendori's actions violated prior protocols requiring the medical illness be treated in a timely fashion (*Id*.). Lujano alleges that his bleeding constituted a medical emergency (*Id*. at p. 5).

## **Preliminary Dismissals**

Although Lujano identifies Warden Jeremiah Brown, Medical Director Cunningham, Latoya Hughes, and John Doe #1 correctional counselor in the case caption, he fails to include any allegations against them in his statement of claim. These high-ranking officials cannot be liable simply because of their positions of authority because the doctrine of *respondeat superior* (or supervisory liability) does not apply to actions filed under Section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Nor are there any allegations to suggest these officials were aware of Lujano's need for care or acted with deliberate indifference in providing him care. *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999) (stating that the relevant inquiry is whether defendants "actually knew

3

about the plaintiff's condition, not whether a reasonable official should have known"). Any potential claim against these individuals is **DISMISSED without prejudice**.

Lujano also alleges that Mellendori delayed his medical care and violated the prison's rules in delaying his care. A delay in treatment can amount to deliberate indifference if the "delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). But Lujano fails to allege how long his care was delayed by Mellendori, nor does he indicate how his symptoms progressed after speaking to Mellendori. He only notes that he spoke to Mellendori on one occasion about blood in his stool, and Mellendori directed him to file a sick call request. Nothing in the statement of claim suggests the length of the delay in receiving care, and he has not alleged that any delay exacerbated his condition. Thus, any claim against Mellendori is **DISMISSED without prejudice**.

Finally, Lujano fails to state a claim against Wexford. The corporation can only be liable for deliberate indifference if it had a policy or practice that caused the constitutional violation. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying municipal liability to private corporations performing governmental functions); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Lujano fails to point to any policy that led to the denial of care in this case. Thus, any claim against Wexford is also **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment deliberate indifference claim against Jane Doe Doctor for failing to properly treat Lujano's stomach ailments.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Lujano states a viable claim for deliberate indifference against Jane Doe Doctor. He alleges that she refused to reschedule his appointment with the gastroenterologist despite the recommendations from the emergency room and prior referral from Pinckneyville. To aid Lujano is identifying the Jane Doe Doctor, the Court **ADDS** Warden Jeremiah Brown, in his official capacity only, for the sole purpose of responding to discovery aimed at identifying the unknown doctor.

## Disposition

For the reasons stated above, Count 1 shall proceed against Jane Doe Doctor. Warden Jeremiah Brown is **ADDED** to the case, in his official capacity only, to help identify the Jane Doe Doctor. All other claims and defendants are **DISMISSED without prejudice**.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The Clerk of Court shall prepare for Jeremiah Brown (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to Defendant Brown's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on him, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Because Warden Brown is in the case only to respond to discovery aimed at identifying the Jane Doe Doctor, he does not need to file an Answer. After counsel has entered his appearance for Brown, the Court will enter a scheduling order for discovery regarding the Jane Doe.

Because Lujano's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Lujano, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Lujano is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not

later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  October 21, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your Amended Complaint. After service has been achieved, the defendant will enter an appearance. The Court will then enter a scheduling order for discovery regarding the John Doe. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**